IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUVENAL GUEVARA, JR., #1907012, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:18-CV-2611-S-BK |
| | § | |
| STATE OF TEXAS, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for a recommended disposition. Plaintiff Juvenal Guevara, a state prisoner, filed a *pro se* civil rights complaint against the State of Texas, the Skyview Unit of the Texas Department of Criminal Justice (TDCJ), John Tervoltu, Ricky Salazer, Richerd Salazer, and Sulvester Salazer. Doc. 3 at 3. Guevara neither paid the filing fee nor sought leave to proceed *in forma pauperis*. Nevertheless, upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** as barred by three strikes.

I.    ANALYSIS

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Brown v. Meg*, 857 F.3d 287, 290-91 (5th Cir. 2017) (holding "that a strike issues only when the entire case is dismissed for being frivolous, malicious, or failing to state a claim"). Section 1915(g) "comports with the PLRA's effort 'to filter out the bad

claims filed by prisoners and facilitate consideration of the good.'" *Brown*, 857 F.3d at 291 (quoting *Coleman v. Tollefson*, ___ U.S. ___, 135 S. Ct. 1759 (2015)).

Guevara has accrued three strikes under section 1915(g). Before this lawsuit was filed, district courts in Texas dismissed as frivolous under 28 U.S.C. § 1915(e) four non-habeas, civil actions that Guevara filed while confined as an inmate. *See Guevara v. Valdez, et al.*, 1:17-CV-924 (W.D. Tex. Sep. 27, 2017) (dismissing as frivolous); *Guevara v. Patricia Valdez*, No. 3:16-CV-2602-G-BN, 2017 WL 401243 (N.D. Tex. Jan. 9, 2017), *R. & R. accepted*, 2017 WL 401243 (N.D. Tex. Jan. 30, 2017) (dismissing with prejudice under section 1915(e)); *Guevara v. Patricia Valdez*, 4:16-CV-3264 (S.D. Tex. Jan. 23, 2017) (dismissing as frivolous); *Guevara v. Resendez*, 1:16-CV-86 (W.D. Tex. February 29, 2016) (same). One court also held that Guevara is barred from filing civil lawsuits by the PLRA three-strikes provision. *See Guevara v. Patricia Valdez, et al.*, No. 6:18-CV-17 (W.D. Tex., Waco Div., Jan. 23, 2018).

Having accumulated three "strikes," section 1915(g) precludes Guevara from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). A plaintiff's allegations of imminent danger must be "specific" and "credible," however, to meet this standard. *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (holding that) (citing *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998)), *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("a complaint does not satisfy the 'imminent danger' exception" of the PLRA where plaintiff's "claims of imminent danger are conclusory or ridiculous" (citation and quotation omitted)).

Guevara's assertions of imminent danger are conclusory, and he wholly fails to identify the type or source of the danger he posits.  His mere declaration of "imminent danger" is plainly insufficient to invoke the exception to section 1915(g).  Doc. 3 at 4.  As in his previous cases, Guevara complains that individuals are trying to kill him by stabbing him in the heart, brain, and eyes with their "soul body."  Doc. 3 at 3-4.  *See, e.g., Guevara v. Valdez*, No. 6:18-CV-17 (rejecting Guevara's claim of imminent danger because people are trying to kill him with their soul bodies as "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional").  This Court concurs in the finding that such claims are clearly fantastic and apparently delusional.  Consequently, Plaintiff, is barred from proceeding *in forma pauperis* under section 1915(g).  *See Guevara v. Paul*, No. 3:18-CV-2389-B-BK (N.D. Tex.) (*Findings, Conclusion and Recommendation of the United States Magistrate Judge*, filed Sep. 19, 2018, rejecting similar imminent danger claims and recommending that Guevara be barred by the three-strike provision).

## II.  CONCLUSION

Accordingly, insofar as Plaintiff seeks to proceed *in forma pauperis*, this action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as presented here, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee for a civil action (which includes a $50.00 administrative fee).

**SO RECOMMENDED** October 2, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).